THE RIALTO MINING AND MILLING COMPANY v. LOWELL
ET AL.

MECHANICS' LIENS—PLEADING.

Where several causes of action to enforce mechanics' liens are declared upon in one complaint in favor of one and the same plaintiff, whether the liens are possessed by him as assignee or in his own right, and where after assignment he has served the written notice and filed the statement required by law, and has included therein all of said claims, it is not necessary to aver in each separate cause of action arising out of the liens that he served the notice and filed the statement, but it is sufficient if, either at the beginning or at the end of the complaint, there is a general averment of service of notice and of filing the statement.

*Appeal from the District Court of Gilpin County.*

A NUMBER of persons claiming liens upon defendant's mining property for materials furnished therefor and for labor performed thereupon joined as plaintiffs in this action to foreclose these liens. The complaint contains eighteen separate causes of action. To each one of these defendant filed a separate demurrer on the ground that it did not set forth facts sufficient to constitute a cause of action. These demurrers were overruled by the court, and the defendant electing to stand by the same, the court thereupon heard evidence in support of the complaint and made findings of fact in favor of the plaintiffs, and rendered a decree of foreclosure, as prayed for. To reverse this decree the defendant has appealed to this court.

Messrs. TALBOT & DENISON, for appellant.

Mr. CHARLES WITHROW, Mr. E. W. HURLBUT and Mr. J. McD. LIVESAY, for appellee.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

Counsel for the appellant concede that the first five causes of action are good. The others are said to be defective in

this, that in neither thereof is there averred that the lien claimant served upon the defendant a written notice of his intention to file a statement of lien, or that he actually did file such lien with the county clerk, as required by our statute (Session Laws, 1893, p. 318, sec. 3). As these preliminary steps must be taken before a lien attaches, it is said that they must be alleged in the complaint, the point being that each cause of action must be good in itself without reference to, or aided by, any other cause of action in the complaint.

It appears from the complaint that the first five causes of action were for liens claimed by the respective claimants for materials furnished, or for labor performed, by themselves. The causes numbered consecutively from six to thirteen were in favor of Florence Sullivan, one of which accrued to Sullivan for services which he himself performed, and the other seven were upon claims which had been assigned to him by other persons for the purpose of this foreclosure, which our statute permits. The causes of action numbered consecutively from fourteen to eighteen were in favor of Peter Daly as plaintiff, one of which was for services performed by him, and the other four he asserted as assignee.

An examination of the complaint shows that Sullivan, as plaintiff, did not, in each of these eight causes of action, make the averment that he served upon the defendant the notice, or filed with the county clerk the statement, required by the statute. But at the end of the statement of the thirteenth cause of action are found allegations to the effect that the said seven liens so assigned to Sullivan were assigned to him before the service of notice and filing of statement, and that thereafter and within the statutory time he did serve upon the defendant a written notice and filed with the clerk the statement required, in each of which he combined with the claim accruing to him in his own right all the said claims which had been theretofore assigned to him.

Our statute (Mills' Ann. Stats., sec. 2894) permits an assignment of claims before or after the filing of the statement

referred to, and also permits any claimant, whether assignee or otherwise, to include all the liens he may possess in any one statement. Where, therefore, several causes of action are declared upon in one complaint in favor of one and the same plaintiff, whether the liens are possessed by him as assignee, or in his own right, and where, after the assignment, he has served the written notice and filed the statement required by the statute, and has included therein all of said claims owned by him, and for which he has brought suit, it is not necessary to aver in each separate cause of action arising out of said liens that he served the written notice and filed the statement, but it is sufficient if, either at the beginning or the end of the complaint relating to said causes of action, there is a general statement or averment of the service of the notice and filing of the statement.

The causes of action accruing to the plaintiff Peter Daly are in the same situation as those in favor of the plaintiff Sullivan, and the same rule is applicable.

It follows that the judgment below was right, and it is therefore affirmed.

*Affirmed.*